**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4173

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ABEL PARADA-GARCIA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Louise W. Flanagan, District Judge.  (2:20-cr-00032-FL-2)

Submitted:  October 13, 2022                    Decided:  October 18, 2022

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  W. Michael Dowling, THE DOWLING FIRM PLLC, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abel Parada-Garcia pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); 18 U.S.C. § 2. The district court sentenced Parada-Garcia to 204 months' imprisonment, below his advisory Sentencing Guidelines range. On appeal, Parada-Garcia's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court correctly determined the quantity of methamphetamine attributable to Parada-Garcia when calculating his Guidelines range. Parada-Garcia was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Parada-Garcia's plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver,

the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Parada-Garcia knowingly and intelligently waived his right to appeal his sentence, with limited exceptions not applicable here.[*] And we conclude that the sentencing issue counsel pursues in the *Anders* brief falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside of the appellate waiver or not waivable by law. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver. We also deny in part the motion to dismiss and otherwise affirm. This court requires that counsel inform Parada-Garcia, in writing, of the right to petition the Supreme Court of the United States for further review. If Parada-Garcia requests that a petition be filed, but counsel believes

---

[*] Parada-Garcia's plea agreement explains that he waives the right to appeal his conviction and sentence with some limited exceptions. During the Rule 11 hearing, however, the magistrate judge explained only that Parada-Garcia was waiving his right to appeal his sentence. *See* Fed. R. Crim. P. 11(b)(1)(N) (requiring court to accurately summarize terms of appellate waiver before accepting guilty plea). We are satisfied that the magistrate judge's plain error did not affect Parada-Garcia's substantial rights given Parada-Garcia's confirmation that he had read and understood the plea agreement and the straightforward language of the appellate waiver provision. Put simply, nothing in the record suggests that Parada-Garcia would not have pleaded guilty had the magistrate judge correctly summarized the appellate waiver. *See United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014). In addition, we have otherwise reviewed the knowing and voluntary nature of Parada-Garcia's guilty plea, as that issue is not waivable by law, *see United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994), and conclude that Parada-Garcia's guilty plea is valid, *see United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).

3

that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Parada-Garcia.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*